**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

ELAINE WANG,                                          :
                                                       :
        Plaintiff,                          :      Case No. 1:22-cv-6116
                                                       :
v.                                                     :
                                                       :      **COMPLAINT FOR VIOLATIONS OF**
RADIUS HEALTH, INC., WILLARD H.                        :      **SECTIONS 14(e), 14(d) AND 20(a) OF**
DERE, M.D., CATHERINE FRIEDMAN,                        :      **THE SECURITIES EXCHANGE ACT**
JEAN-PIERRE GARNIERM, PH.D., OWEN                      :      **OF 1934**
HUGHES, JENNIFER A. JARRETT, KELLY                     :
MARTIN, SEAN MURPHY, MACHELLE                          :      **JURY TRIAL DEMANDED**
SANDERS, SUSAN VISSERS LISA, and                       :
ANDREW C. VON ESCHENBACH, M.D.,                        :
                                                       :
        Defendants.                        :

---------------------------------------------------------

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.  This is an action brought by Plaintiff against Radius Health, Inc. ("Radius Health or the "Company") and the members Radius Health board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Radius Health by affiliates of Gurnet Point Capital, LLC and Patient Square Capital (the "Buyout Group").

2.  Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on July 13, 2022 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders.  The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Ginger Merger Sub, Inc. ("Merger Sub"), a wholly owned subsidiary of Ginger Acquisition Inc. ("Parent"), will merge with and into Radius Health, with Radius Health continuing as the surviving corporation and becoming a wholly-owned subsidiary of Parent (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated June 23, 2022 (the "Merger Agreement"), each Radius Health common share issued and outstanding will be converted into the right to receive: (i) $10.00 in cash, plus (ii) one contractual contingent value right per share (a "CVR"), payment upon the achievement of certain milestones worth $1.00 (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Radius Health's outstanding common stock and will expire on August 10, 2022 (the "Tender Offer").

3.      Defendants have now asked Radius Health's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.  Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Radius Health's financial projections relied upon by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by J.P. Morgan. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Radius Health stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Radius Health's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company trades on the NASDAQ Global Select, which is headquartered in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Radius Health common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Willard H. Dere, M.D. has served as a member of the Board since November 2014.

11.     Individual Defendant Roy A. Beveridge, M.D. has served as a member of the Board since November 2021.

12.     Individual Defendant Catherine Friedman has served as a member of the Board since August 2015.

13.     Individual Defendant Jean-Pierre Garnier, Ph.D. has served as a member of the Board since December 2015.

14.     Individual Defendant Owen Hughes has been a member of the Board since April 2013 and as Chairman of the Board since March 2020.

15.     Individual Defendant Jennifer A. Jarrett has been a member of the Board since May 2022.

16.     Individual Defendant Kelly Martin has been a member of the Board since April 2020 and is the Company's President and Chief Executive Officer.

17.     Individual Defendant Sean Murphy has been a member of the Board since August 2020.

18.     Individual Defendant Machelle Sanders has been a member of the Board since 2021.

19.     Individual Defendant Susan Vissers Lisa has been a member of the Board since May 2022.

20.     Individual Defendant Andrew C. von Eschenbach, M.D. has been a member of the Board since 2021.

21.     Defendant Radius Health is incorporated in Delaware and maintains its principal offices at 22 Boston Wharf Road, 7th Floor, Boston, Massachusetts 02210.  The Company's common stock trades on the NASDAQ Global Select under the symbol "RDUS."

22.     The defendants identified in paragraphs 10-20 are collectively referred to as the "Individual Defendants" or the "Board."

23.     The defendants identified in paragraphs 10-21 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

A.     <u>**The Proposed Transaction**</u>

24.     Radius Health, a biopharmaceutical company, focuses on addressing unmet medical needs in the areas of bone health, orphan diseases, and oncology. The Company's commercial product is TYMLOS, an abaloparatide injection for the treatment of postmenopausal women with osteoporosis. It is also developing abaloparatide-SC, which is in Phase III clinical trials for the treatment of osteoporosis in men; abaloparatide-TD, a transdermal system that is in Phase III clinical trials to treat postmenopausal women with osteoporosis; Elacestrant (RAD1901), a selective estrogen receptor degrader, which is in Phase III clinical trials for the treatment of hormone-receptor positive breast cancer; and RAD011, which is in Phase II clinical trials for treatment of hyperphagia related to Prader-Willi syndrome. The Company has collaborations and license agreements with 3M Company; Ipsen Pharma SAS; Teijin Limited; Berlin-Chemie AG; Eisai Co. Ltd.; and Duke University. Radius Health, Inc. was founded in 2003 and is headquartered in Boston, Massachusetts.

25.     On June 23, 2022, Radius Health announced the Proposed Transaction:

> BOSTON and CAMBRIDGE, Mass., June 23, 2022 (GLOBE NEWSWIRE) -- Radius Health, Inc. ("Radius" or the "Company") (Nasdaq: RDUS) today announced that it has entered into a definitive agreement to be acquired by Gurnet Point Capital ("Gurnet Point") and Patient Square Capital ("Patient Square") in a transaction valued at approximately $890 million, including the assumption of debt and assuming full payment of the CVR (Contingent Value Right). Debt financing for this transaction will be provided by OrbiMed Advisors, LLC.

Under the terms of the merger agreement, an entity jointly owned by Gurnet Point and Patient Square will initiate a tender offer to acquire all of the outstanding shares of Radius for $10.00 per share in cash plus a CVR of $1.00 per share payable upon TYMLOS® (abaloparatide) net sales reaching $300 million (inclusive of U.S. sales and Japan royalties or supply payments based on supply of TYMLOS for sale in Japan) during any consecutive 12-month period prior to December 31, 2025.

Including the CVR payment, Radius shareholders will receive up to an aggregate of $547 million in cash. The upfront payment at closing represents a premium of 45% over the 30-day volume-weighted average price (VWAP) of Radius's common stock, and inclusive of the CVR payment, a 59% premium.

"The acquisition of Radius by Gurnet Point and Patient Square provides our shareholders with attractive, immediate value at a compelling premium, in addition to the potential future upside of TYMLOS through the CVR," said *Owen Hughes, Chairman of Radius Health*. "Today's announcement of the acquisition, which has been unanimously approved by the Radius Board, is the culmination of a thorough and rigorous strategic review process conducted over nine months by the Board and management with the assistance of external advisors. The extensive review included outreach to and interaction with multiple strategic parties and financial sponsors on all parts of our business. We are confident that this transaction maximizes value for shareholders and provides the clearest path forward for Radius."

*Kelly Martin, Chief Executive Officer of Radius*, said, "This transaction provides shareholders with immediate value in addition to the potential future upside from the CVR. Over the past two years we have worked tirelessly to improve the business fundamentals of Radius. We are proud of what Radius and its dedicated employees have achieved to date."

*Travis Wilson, Partner at Gurnet Point*, said, "We are delighted to be acquiring Radius and providing additional resources to the Company during this critical time. We fully believe in the value of the Company's portfolio and are looking forward to working closely with the Company to deliver a positive impact for patients."

*Jim Momtazee, Managing Partner at Patient Square Capital*, stated, "Our investment approach is centered on backing businesses that improve patient lives and consistent with that we are excited to work with Radius to expand access to an important therapeutic."

**Tender Offer and Transaction Details**

Under the terms of the merger agreement, an entity jointly owned by Gurnet Point and Patient Square will promptly commence a tender offer for all outstanding shares of Radius common stock at a price of $10.00 per share in cash plus a CVR of $1.00 per share that is payable upon TYMLOS® (abaloparatide) net sales reaching $300 million (inclusive of U.S. sales and Japan royalties or supply payments based on supply of TYMLOS for sale in Japan) during any consecutive 12-month period prior to December 31, 2025. Radius' Board of directors unanimously recommends that Radius shareholders tender their shares in the tender offer. Upon the successful completion of the tender offer, the acquisition subsidiary will be merged into Radius, and any remaining shares of common stock of Radius that were not tendered in the tender offer will be canceled and converted into the right to receive the same consideration payable in the tender offer.

The transaction, which has been unanimously approved by the members of the Radius Board, is expected to close in the third quarter of 2022, subject to customary closing conditions, including Radius shareholders tendering a minimum number of shares and receipt of regulatory approvals. The transaction is not subject to a financing condition.

Following completion, Radius will become a private company and will no longer be subject to the reporting requirements of the Securities Exchange Act of 1934, as amended, nor be traded on Nasdaq Global Market. The Company plans to maintain operations in the Boston, MA and Wayne, PA areas.

**Advisors**
J.P. Morgan Securities LLC acted as exclusive financial advisor to Radius and Ropes & Gray LLP is serving as its legal advisor. Goldman Sachs & Co. LLC acted as exclusive financial advisor to Gurnet Point Capital and Patient Square Capital. Latham & Watkins, LLP is serving as Gurnet Point Capital's legal advisor. Kirkland & Ellis LLP is serving as Patient Square Capital's legal advisor. Covington & Burling LLP is serving as OrbiMed's legal advisor.

\* \* \*

26.     It is therefore imperative that Radius Health's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.      The Materially Incomplete and Misleading Solicitation Statement**

27.     On July 13, 2022, Radius Health filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.   The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.    The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Company Financial Projections*

28.     The Solicitation Statement fails to provide material information concerning financial projections by Radius Health management and relied upon by the financial advisors in their analyses. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone valuation of the Company.  Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that Radius Health management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by

investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

29.     For the Projections prepared by Company management for Radius Health on a project-by-project basis for fiscal years 2022 through 2035, the Solicitation Statement provides values for Gross Profit, EBIT, EBITDA, and Unlevered Free Cash Flow, which are non-GAAP (Generally Accepted Accounting Principles) financial metrics, without line items used to calculate the metrics and/or a table of reconciliation to their most comparable financial measures, in direct violation of Regulation G.

30.     When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

31.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other

non-discretionary expenditures that are not deducted from the measure.[1]

32.      Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide line items used for the cash flows and a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Solicitation Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning J.P. Morgan' Financial Analyses*

33.      With respect to J.P. Morgan' *Public Trading Multiples* analysis, the Solicitation Statement fails to disclose the metrics and multiples for the companies selected by J.P. Morgan for the analysis.

34.      With respect to J.P. Morgan's *Selected Transactions Analysis*, the Solicitation Statement fails to disclose the metrics and multiples for the transactions selected by J.P. Morgan for the analysis.

35.      With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the reason given by Company's management to not assign an implied terminal asset value for Radius Health; (ii) the inputs and assumptions underlying the terminal growth rate of -75% to 0%; (iii) the inputs and assumptions underlying the discount rates ranging from 9.5% to 12.5%; and (iv) the weighted average cost of capital of the Company.

36.      In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer,

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

Plaintiff will be unable to make a fully-informed decision regarding whether to tender his shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

37.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

39.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

40.     The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

41.     In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

42.     The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

43.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

44.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

45.     Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

46.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

47.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

48.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

49.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

50.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

51.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

52.     The Individual Defendants acted as controlling persons of Radius Health within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Radius Health, and participation in and/or awareness of the Company's operations

and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Radius Health, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Radius Health, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

55.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

56.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

58.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A.      Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 18, 2022                    **MELWANI & CHAN LLP**

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas
New York, New York 10036
Tel: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*